**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
EASTERN DIVISION

In Re  David Dziedzic,            )
                                  )
                                  )   Bankruptcy No.  14-01561
                                  )
          Debtor.                 )   Chapter  7

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant:  Nixon Peabody LLP f/k/a Ungaretti & Harris LLP

Authorized to Provide Professional Services to:  R. Scott Alsterda, Chapter 7 Trustee

Date of Order Authorizing Employment:  March 11, 2014

Period for Which Compensation is Sought:
From  January 22, 2014  through  January 13, 2017

Amount of Fees Sought:  $ 49,318.50

Amount of Expense Reimbursement Sought:  $ 414.44

This is an:   Interim Application _____    Final Application ✔

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated:  January 26, 2017                    R. Scott Alsterda
                                                (Counsel)

(Rev 11/19/10)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| DAVID DZIEDZIC, | ) Case No. 14-01561 |
| | ) Honorable Jacqueline P. Cox |
| Debtor. | ) |

**FIRST AND FINAL APPLICATION OF TRUSTEE'S COUNSEL
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

R. SCOTT ALSTERDA and NIXON PEABODY LLP (collectively "NP"), counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this first and final application for compensation and reimbursement of expenses and represents to the Court as follows;

1. David Dziedzic (the "Debtor") filed his voluntary petition under Chapter 7 of the Bankruptcy Code on January 20, 2014 [Dkt.1].

2. The Trustee filed his Initial Report of Assets on April 24, 2014 [Dkt. 63].

3. On March 11, 2014, an order was entered approving the employment of Ungaretti & Harris LLP as counsel for the Trustee [Dkt. 31]. A copy of the Order approving the employment of Ungaretti & Harris LLP ("U&H") as counsel for Trustee is attached hereto as Exhibit "A." Thereafter, on November 4, 2015, an order was entered authorizing the substitution of Nixon Peabody LLP as Trustee's legal counsel pursuant to a merger of the two firms [Dkt. 118]. A copy of the Order approving the substitution of counsel is attached hereto as Exhibit "B."

4. The Debtor was the owner of several business entities, some of which were inactive at the commencement of the Chapter 7 case.

4826-0538-0160.1

5.      The Debtor was also the owner of certain real property and personal property interests as detailed in his Schedules of Assets and Liabilities and Statement of Financial Affairs as [Dkt. 19, 32, 35, 57, 75].

6.      Although some of the Debtor's property interests were fully encumbered and/or exempt, there were significant assets to be administered by the Trustee for the benefit of the creditors.

7.      During the course of the case, the Trustee with the assistance of his legal counsel sold various assets, abandoned certain assets and investigated potential avoidance actions.

8.      In order to administer the assets in the bankruptcy estate, the Trustee retained various other professionals to determine the value of certain assets and to assist the Trustee with tax issues.

9.      The Trustee's administration of the assets in the bankruptcy estate was substantially completed in March, 2016, however the Debtor filed an objection to the claim of Deanna Dziedzic, the Debtor's former spouse on April 22, 2016.

10.     The issues arising in the Debtor's objection to the claim of his former spouse were primarily issues related to the divorce decree and domestic support obligations. The Bankruptcy Court determined that the issues could best be addressed in the divorce case in state court and the hearing on the Debtor's objection to claims of his former spouse in the bankruptcy case was continued while the Debtor and his former spouse returned to state court to address the issues.

11.     In January, 2017, the Debtor and his former spouse settled the issues related to the Debtor's objection to the claim of his former spouse and Deanna Dziedzic filed an Amended Proof of Claim asserting a priority domestic support obligation pursuant to Section 507(a)(1)(A) of the Bankruptcy Code.

12. Pursuant to the agreement between the Debtor and his former spouse, the Debtor's objection to the claim of his former spouse has been withdrawn.

## CASE SUMMARY

13. All of the assets in the Debtor's estate have been administered and tax returns have been filed with the taxing authorities. The Trustee has prepared his Final Report and subject to the entry of orders on the final fee applications, the Trustee is ready to make a distribution and close the case.

## DESCRIPTION OF LEGAL SERVICES

14. The nature and extent of the services which NP provided to the Trustee are summarized in the next few paragraphs.

15. Case Administration (B-110). NP provided 2.70 hours of services to the Trustee with a value of $962.50 related to the Trustee's administration of the Chapter 7 bankruptcy case. These services included reviewing the Debtor's motion to extend the time to file Schedules and Statements, investigating the Debtor's assets and telephone conferences with counsel for the Debtor and counsel for his former spouse regarding projected distributions in this bankruptcy case.

16. Asset Analysis and Recovery (B-120). NP provided 17.90 hours of services to the Trustee with a value of $9,094.50 related to the Trustee's analysis and recovery of assets in the Chapter 7 bankruptcy case. These services included reviewing the Debtor's bank and brokerage account statements and investigating potential avoidable transfers. NP also assisted the Trustee by reviewing the Debtor's valuations of certain non-exempt assets and obtaining valuation reports from the Trustee's consultants for the same assets. The services also included

reviewing documents and attending Albany Bank's Rule 2004 Examination of the Debtor conducted by counsel for Albany Bank.

17. <u>Asset Disposition (B-130).</u> NP provided 30.00 hours of services to the Trustee with a value of $12,720.00 related to the Trustee's liquidation and disposition of assets in the Chapter 7 case. These services included negotiating and closing the sale of a vehicle owned by the Debtor. NP also assisted the Trustee in negotiating and closing the sale of several non-exempt assets to the Debtor, which also included evaluating and negotiating certain valuation issues related to the sale price. The services provided to the Trustee relating to the disposition of assets also involved drafting several motions to authorize the Trustee's abandonment of certain real and personal property interests, all of which were either of inconsequential value or burdensome to the bankruptcy estate.

18. <u>Relief from Stay/Adequate Protection (B-140).</u> NP provided 4.00 hours of services to the Trustee with a value of $2,060.00 related to various motions to modify the Automatic Stay filed in the Chapter 7 case. These services included a review of various motions to modify the Automatic Stay to allow foreclosures to proceed against the Elk Grove, Park Ridge, Monitor and Lincoln properties. NP also corresponded with counsel for the lenders on the various motions and appeared at the court hearing for each motion.

19. <u>Meetings and Communications With Creditors (B-150).</u> NP provided 2.00 hours of services to the Trustee with a value of $1,030.00 related to the creditors' meeting and various communications with creditors in the Chapter 7 case. These services included conferences with counsel for the Debtor and various creditors and a review of documents for an extended creditors' meeting.

20.    Fee/Employment Applications (B-160). NP provided 16.20 hours of services to the Trustee with a value of $6,855.00 related to the Trustee's employment of various professionals and related compensation arrangements in the Chapter 7 case. These services included the preparation and presentment of the Trustee's motion to employ legal counsel. NP also assisted the Trustee in negotiating the terms of the Trustee's employment of Ms. Kramer and Mr. Wolverton to provide valuation services for personal and real property interests to the Trustee. These services also included drafting and presenting the Trustee's motion to employ Ms. Kramer and Mr. Wolverton. In addition to the foregoing, NP prepared and presented the Trustee's motion to employ Ms. West as the Trustee's tax accountant. Finally, NP provided services to the Trustee related to the preparation and filing of the final fee application for Ms. Kramer and Ms. West.

21.    Other Contested Matters (B-190). NP provided 3.70 hours of services to the Trustee with a value of $1,905.50 related to various Rule 2004 Examinations and dischargeability complaints filed by two of the creditors in the Chapter 7 case. These services included reviewing the motions for Rule 2004 Examinations filed by Albany Bank and Deanna Dziedzic as well as the motions to extend time to file dischargeability complaints filed by the same creditors. NP also reviewed the dischargeability complaints filed by Deanna Dziedzic and Albany Bank.

22.    Tax Issues (B-240). NP provided 5.70 hours of services to the Trustee with a value of $2,935.50 related to various tax issues in the Chapter 7 case. These services included correspondence with Debtor's counsel and the Illinois Department of Revenue regarding tax refunds due to the Debtor's estate. The services also included correspondence with the Trustee's Tax Accountant related to the tax attributes of certain non-operating entities owned by the

Debtor in connection with the Trustee's proposed abandonment of those ownership interests. NP also assisted the Trustee in establishing the tax basis for the assets sold by the Trustee during the Chapter 7 case.

23. <u>Real Estate (B-250)</u>. NP provided 14.00 hours of services to the Trustee with a value of $7,172.00 related to the Trustee's disposition of the Debtor's various real property interests in the Chapter 7 case. These services included analyzing the Trustee's proposed abandonment of the Monitor and Bellwood real property interests. NP also assisted the Trustee in exploring a potential sale of the Park Ridge property with counsel for FirstMerit who held the mortgage on the property. These services also included reviewing documents and comparable sale listings for the Debtor's interest in a vacant lot in Wisconsin. In addition to the foregoing, NP drafted and presented the motions authorizing the Trustee's abandonment of the Wisconsin vacant lot, and the Grant and Lincoln property interests.

24. <u>Claims Administration Objection (B310).</u> NP provided 8.90 hours of services to the Trustee with a value of $4,583.50 related to proofs of claims filed in the Chapter 7 case. These services included a review of all of the proofs of claims filed against the bankruptcy estate and correspondence with the Debtor's counsel regarding a reconciliation of the filed claims to the scheduled claims. NP also provided services to the Trustee related to the Debtor's objection to the proof of claim filed by Deanna Dziedzic, the Debtor's former souse including reviewing the claim objection, the response to the claim objection and court appearances for the hearings on the claim objection. In addition to the foregoing, NP conferred and corresponded with counsel for the Debtor and counsel for his former spouse regarding various options for resolving the claim objection.

25. <u>Summary of Services</u>. The services provided to the Trustee by NP are summarized as follows:

| CATEGORY | TASK CODE | HOURS | VALUE |
|---|---|---|---|
| Case Administration | B-110 | 2.70 | $962.50 |
| Asset Analysis and Recovery | B-120 | 17.90 | $9,094.50 |
| Asset Disposition | B-130 | 30.00 | $12,720.00 |
| Relief from Stay/Adequate Protection | B-140 | 4.00 | $2,060.00 |
| Meetings and Communications with Creditors | B-150 | 2.00 | $1,030.00 |
| Fee/Employment Applications | B-160 | 16.20 | $6,855.00 |
| Other Contested Matters | B-190 | 3.70 | $1,905.50 |
| Tax Issues | B-240 | 5.70 | $2,935.50 |
| Real Estate | B-250 | 14.00 | $7,172.00 |
| Claims Administration Objection | B-310 | 8.90 | $4583.50 |
| **TOTAL** | | **105.10** | **$49,318.50** |

26. Attached as Exhibit "C" is an itemized statement of the legal services rendered by NP through January 13, 2017 in chronological order. The statement reflects the legal services rendered, the time expended, the value of the services, and a description of the work performed.[1]

27. The time expended and services rendered by the individual NP attorneys and paraprofessionals are summarized as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| R. Scott Alsterda | 81.10 | 515.00 | 41,766.50 |
| Patrick F. Ross | 16.30 | 365.00 | 5,517.50 |
| **Paraprofessional** | | | |
| Jenna Fullerton | 6.80 | 280.00 | 1904.00 |
| Ryan Throckmorton | .90 | 145.00 | 130.50 |
| **TOTAL** | **105.10** | | **49,318.50** |

28. Exhibit "C" also includes itemized statements of the actual expenses incurred by NP in connection with its representation of the Trustee. Those expenses include postage ($183.24) and copying at 10 cents per page ($231.20) for a total amount of $414.44.

---

[1] The effective date of NP's employment as legal counsel to the Trustee is February 12, 2014, however, NP provided 1.00 hours of services to the Trustee with a value of $505.00 prior to the effective date which are included herein.

4826-0538-0160-1

7

29. Based on the nature, extent and value of services performed by NP, the results achieved, and the costs of comparable services, the compensation being sought by NP is fair and reasonable.

30. At all time during NP's representation of the Trustee, NP was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which NP was employed.

## PRAYER FOR RELIEF

WHEREFORE, NP requests that it be awarded reasonable compensation in the amount of $49,318.50 for legal services rendered in this case and reimbursement of actual and necessary expenses in the amount of $414.44.

| | |
|---|---|
| DATE: January 26, 2017 | Respectfully Submitted, |
| Of Counsel<br>R. Scott Alsterda (ARDC 3126771)<br>Nixon Peabody LLP<br>70 West Madison Street, Suite 3500<br>Chicago, IL  60602-4283<br>312-977-9203<br>rsalsterda@nixonpeabody.com | NIXON PEABODY LLP<br><br>By: /s/ R. Scott Aslterda |

4826-0538-0160-1

8