## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re  David Dziedzic,

        Debtor.

Bankruptcy No. _____14-01561_____

Chapter _____7_____

### COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
### (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____Roberta Kramer & Associates, Inc._____

Authorized to Provide Professional Services to: _____R. Scott Alsterda, Chapter 7 Trustee_____

Date of Order Authorizing Employment: _____August 21, 2014_____

Period for Which Compensation is Sought:
From _____October_____, _____2014_____ through _____September_____, _____2015_____

Amount of Fees Sought: $ 1,425.00

Amount of Expense Reimbursement Sought: $ 0.00

This is an:  Interim Application _____  Final Application __✔__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated: _____January 26, 2017_____

_____R. Scott Alsterda_____
(Counsel)

(Rev 11/19/10)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DAVID DZIEDZIC, | ) | Case No. 14-01561 |
| | ) | Honorable Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | |
| | ) | |

**FIRST AND FINAL APPLICATION OF
ROBERTA KRAMER & ASSOCIATES, INC. FOR COMPENSATION**

ROBERTA KRAMER & ASSOCIATES, INC. ("RKA") submits this first and final application for compensation pursuant to 11 U.S.C. § 330 and FRBP 2016 and represents to the Court as follows:

## BACKGROUND

1. David Dziedzic (the "Debtor") filed his voluntary petition under Chapter 7 of the Bankruptcy Code on January 20, 2014 [Dkt. 1] (the "Petition Date").

2. R. Scott Alsterda (the "Trustee") was appointed as the interim trustee on the Petition Date and thereafter served as the trustee throughout the pendency of this case.

3. The Trustee contacted Ms. Roberta Kramer, an accredited appraiser and RKA in August 2014 seeking their assistance in verifying the Debtor's values for certain non-exempt personal property.

4. The Trustee advised RKA that he was negotiating an agreement with the Debtor for the Debtor to purchase the bankruptcy estate's right, title and interest in certain non-exempt personal property.

5. The Debtor had provided the Trustee with information and documentation supporting the Debtor's valuation of certain household goods, various art pieces, a wine collection, watches and guns (collectively the "Personal Property").

6. The Trustee asked RKA to conduct an appraisal review of the Personal Property subject to the entry of an order authorizing the Trustee to employ RKA as his appraiser.

### RKA'S EMPLOYMENT

7. On August 21, 2014, this Court entered an order authorizing the Trustee's employment of RKA as his appraiser pursuant to 11 U.S.C. § 327(a) [Dkt. 98]. A copy of the order authorizing the Trustee's employment of RKA is attached hereto as Exhibit "A."

8. Following the entry of the order authorizing the Trustee's employment of RKA, Ms. Kramer and Mr. Aronoff from RKA inspected the Personal Property, researched the values of the Personal Property and provided the Trustee with written summaries of their valuation opinions.

### SERVICES RENDERED

9. The appraisal services provided to the Trustee by RKA are summarized as follows:

   (a) RKA spent approximately one (1) hour with a value of $285.00 inspecting the Personal Property at the Debtor's residence in September 2014.

   (b) RKA spent approximately four (4) hours with a value of $1,140.00 researching the values of the Personal Property and preparing RKA's Fair Market Value report in October 2014.

(c) In addition to the foregoing services, RKA had frequent correspondence with the Trustee and reviewed the information and documentation provided to the Trustee by the Debtor.

10. Attached hereto as Exhibit "B" is a copy of RKA's invoice to the Trustee in the total amount of $1,425.00 for the services described above.

11. RKA is informed and believes that the Trustee used RKA's valuation information to negotiate a sale of the Personal Property to the Debtor that was approved by the Court.

12. Based on the nature, extent and value of the services performed by RKA, the results achieved and the costs of comparable services, the compensation being sought by RKA is fair and reasonable.

13. At all times during RKA's employment services by the Trustee, RKA was a disinterested person and neither represented nor held an interest adverse to the bankruptcy estate with respect to matters on which RKA was employed.

### PRAYER FOR RELIEF

WHEREFORE, Roberta Kramer & Associates, Inc. requests that it be awarded reasonable compensation pursuant to 11 U.S.C. § 330(a)(1) in the amount of $1,425.00 for appraisal services rendered in this case.

DATE: January 26, 2017

Respectfully Submitted

ROBERTA KRAMER & ASSOCIATES, INC.

Roberta M. Kramer, President

1422 W. Altgeld Street
Chicago, IL 60614